# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN DAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:10-cv-04258-NKL |
| | ) |
| HELMSMAN MGMT. SERVS., LLC, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

# ORDER

Before the Court is the Motion to Remand [Doc. # 7] filed by Plaintiff John Day. For the following reasons, the Court denies the motion.

## I.    Background

On October 25, 2010, Plaintiff John Day filed this action in the Circuit Court of Cole County, Missouri, against Defendant Helmsman Management Services, LLC ("Helmsman"). Plaintiff Day alleges that in March 2002 he sustained an injury at work that was covered by his employer's workers' compensation insurance. Defendant Helmsman was the third-party administrator for Plaintiff's workers' compensation claim.

On November 2, 2009, an administrative law judge ("ALJ") with the Missouri Division of Workers' Compensation approved the parties' settlement agreement with respect to Plaintiff's workers' compensation claim. Under paragraph 13 of that settlement agreement, Defendant agreed to establish a Medicare Set-Aside Trust under regulations

prescribed by the Center for Medicare and Medicaid Services ("CMS") within the U.S. Department of Health and Human Services. Pursuant to that agreement, Plaintiff alleges that Defendant hired a third-party vendor which recommended that $11,148.23 be set aside for future medical treatment for Plaintiff, but that Defendant refused to seek CMS approval, instead tendering a check to Plaintiff in the amount of $11,148.23.

Having now undergone medical treatments, Plaintiff Day claims that his actual damages are $25,000, and also seeks $500,000 in punitive damages. Plaintiff does not contest that there is complete diversity in this action.

Count I of Plaintiff Day's Petition alleges that by refusing to comply with the settlement agreement, Defendant Helmsman violated §§ 287.128-3(6) and 287.128-2 of the Missouri Workers' Compensation Act. In Count II, Plaintiff prays for a declaratory judgment that Defendant violated the same two provisions of the Missouri Workers' Compensation Act by falsely and fraudulently representing to Plaintiff that it would submit a Medicare Set-Aside Proposal for approval to CMS.

## II.     Discussion

Plaintiff Day moves for an order remanding the case to the Circuit Court of Cole County, pursuant to a provision of the federal statute entitled "Nonremovable actions": "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). While this case undoubtedly shares some connection with the underlying workers' compensation claim, the issue on Plaintiff's Motion to Remand is whether this action arises under

2

Missouri's workers' compensation laws, such that Section 1445(c) operates to prohibit its removal to federal court.

The parties agree that the Eighth Circuit's *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995), provides the applicable rule in determining whether this action arose under Missouri's workers' compensation laws. There, the Eighth Circuit held that the plaintiff's action did arise under Missouri's workers' compensation laws "because the right established by § 287.780 is an essential element of plaintiff's claim, the success of plaintiff's claim will depend on how § 287.870 is construed, a genuine and present controversy exists with reference to § 287.780, and the controversy is disclosed upon the face of the complaint." *Id.* at 1246. The Eighth Circuit explained:

> Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable . . . .

*Id.*

Here, Plaintiff's Petition alleges violations of Sections 287.128-3(6) and 287.128-2 of the Missouri Workers' Compensation Act. Those Missouri statutory provisions state:

> 2. It shall be unlawful for any insurance company or self-insurer in this state to knowingly and intentionally refuse to comply with known and legally indisputable compensation obligations with intent to defraud.
>
> 3. It shall be unlawful for any person to:
>
> . . . .

3

> (6) Knowingly make or cause to be made any false or fraudulent material statement or material representation for the purpose of obtaining or denying any benefit.

Mo. Rev. Stat. §§ 287.128-2, 287.128-3(6).

In its brief in opposition to the Motion to Remand, Defendant Helmsman argues that Sections 287.128-2 and 287.128-3(6) do not provide a private right of action, pointing to the following provisions of the Missouri Workers' Compensation Act:

> 4. Any person violating any of the provisions of subsection 1 or 2 of this section shall be guilty of a class D felony. In addition, the person shall be liable to the state of Missouri for a fine up to ten thousand dollars or double the value of the fraud whichever is greater. Any person violating any of the provisions of subsection 3 of this section shall be guilty of a class A misdemeanor and the person shall be liable to the state of Missouri for a fine up to ten thousand dollars. . . .
>
> 8. Any person may file a complaint alleging fraud or noncompliance with this chapter with a legal advisor in the division of workers' compensation. The legal advisor shall refer the complaint to the fraud and noncompliance unit within the division. The unit shall investigate all complaints and present any finding of fraud or noncompliance to the director, who may refer the file to the attorney general. The attorney general may prosecute any fraud or noncompliance associated with this chapter.

Mo. Rev. Stat. §§ 287.128-2, 287.128-8. By contrast, the provision of the Missouri Workers' Compensation Act at issue in *Humphrey v. Sequentia* does provide for a private right of action:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under [the Missouri Workers' Compensation Act]. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

Mo. Rev. Stat. § 287.780.

4

Defendant Helmsman argues that Plaintiff's Petition is a breach of contract claim – alleging Defendant's failure to abide by the settlement agreement – masquerading as a claim arising from Missouri's workers' compensation laws. Defendant cites the rule that a plaintiff may not defeat removal through artful pleading. *See Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006); *Katz v. Gerardi*, 542 F.3d 558, 560 (7th Cir. 2009) ("A complaint pleads grievances rather than law; a federal court must decide for itself the claim's legal classification."). Defendant also notes that Plaintiff filed this action in the Circuit Court of Cole County, Missouri, rather than in the Missouri Division of Workers' Compensation, which Plaintiff concedes had no jurisdiction over his claims at the time they were filed.

Instead of pointing to a private right of action under Section 287.128 of the Missouri Workers' Compensation Act, Plaintiff's reply brief further concedes: "The cause of action plead is for breach of paragraph 13(a) [of the settlement agreement] wherein the Defendant, on behalf of the employer, agreed to establish a Medicare Set Aside Trust for Plaintiff's future medical treatment in an amount approved by [CMS]." [Doc. # 16 at 2.] Thus, unlike in *Humphrey v. Sequentia* – a retaliatory discharge case – Plaintiff has not shown that a right established by Section 287.128 constitutes an essential element of his claim. 58 F.3d at 1246.

Because he has failed to identify a private right of action under Section 287.128, and because the grievances outlined in his Petition are better classified as alleging a breach of contract, this action does not arise under Missouri's workers' compensation laws. Section 1445(c) does not apply to prohibit the removal of this action to federal court. Plaintiff seeks

5

more than $75,000 in damages, and there is complete diversity. Therefore, the case was properly removed to federal court.

## III.    Conclusion

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Remand [Doc. # 7] is DENIED.

 s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 22, 2011  
Jefferson City, Missouri